UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21-cr-738 |
| Plaintiff, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | |
| IAN M. CAMERON, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

As part of the sentence in this case, the Court imposed financial obligations on Defendant Ian Cameron, who moves for the Court to amend the judgment. (ECF No. 27.) For the following reasons, the Court **DENIES** Defendant's motion.

**BACKGROUND**

Mr. Cameron pled guilty to one count of receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2).

On December 1, 2022, Defendant Ian Cameron was sentenced to the custody of the Bureau of Prisons for a term of 144 months followed by a term of supervised release for a term of ten years. (ECF No. 23.) As part of the judgment, the Court ordered Defendant to pay a special assessment of $100; restitution of $3,000; an assessment of $5,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018; and an assessment of $10,000 under the Justice for Victims of Trafficking Act. (ECF No. 23, PageID #194–96.) The Court ordered these

payments to begin immediately. (*Id.*, PageID #197.) Further, at sentencing, the Court ordered Mr. Cameron to make payments through the Inmate Financial Responsibility Program.

Currently, Mr. Cameron is serving his term of imprisonment at FCI Elkton. (*See* ECF No. 27.) Defendant did not provide his job within the facility or monthly pay. However, he disclosed that his monthly payments are set at $100 a month and that his family is providing the money to make the payment. (*Id.*, PageID #222.)

On December 23, 2024, Defendant moved to modify his restitution payments, requesting the Court to change the payment to begin immediately with payments at a maximum of twenty-five dollars per month until release from incarceration. (*Id.*, PageID #221.)

## ANALYSIS

The Bureau of Prisons runs the Inmate Financial Responsibility Program, which enables prisoners to work and earn a minimal wage to pay court-ordered financial obligations, such as restitution. The program aims to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. While participation in the program is voluntary, *United States v. Diehl*, 848 F.3d 629, 633 (6th Cir. 2017), the Court may order participation in the program as a condition of sentencing. *See Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001) (citing *Whitehead v. United States*, 155 F.2d 460, 462 (6th Cir. 1946)). And inmates who do not participate lose certain privileges. 28 C.F.R. § 545.11(d). Additionally, federal law dictates how the Bureau of Prisons develops an inmate's

financial plan, including a review of the inmate's specific financial obligations, institutional resources, and community resources. *See generally* 28 C.F.R. § 545.11.

In general, "[a] sentence that imposes an order of restitution is a final judgment," which may not be modified absent application of an enumerated statutory exception. 18 U.S.C. § 3664(o)(1)(A)–(D). However, of the few exceptions, a court may make a modification to a payment schedule on showing of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Modification is warranted "as the interests of justice require." *Id.* Defendant bears the burden of proving "by a preponderance of the evidence, that . . . [his] current economic condition warrants such an adjustment." *United States v. Baird*, No. 3:03-cr-91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009) (citing § 3664(e), (k)).

While the Sixth Circuit has not addressed application of Section 3664(k) in the context of challenges to a payment schedule set in the Inmate Financial Responsibility Program, other courts have determined that Section 3664(k) does not provide courts with the authority to modify such payments. *See United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009) (holding that Section 3664(k) only applies to modify payment schedules established by the sentencing court); *McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). In the same vein, the Sixth Circuit emphasizes that there is no "constitutional, statutory or decisional authority for the proposition that a federal district court has

3

the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004).

Accordingly, the Court lacks subject matter jurisdiction to adjust Defendant's payment schedule in the program. *Id.*; *United States v. Allen*, No. 14-cr-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021). Because a challenge to a payment schedule in the Inmate Financial Responsibility Program is effectively a challenge to the "execution or manner in which [his] sentence is served," Defendant's request to modify his payment schedule or suspend his payments is more appropriately construed as a motion for federal habeas corpus relief under 28 U.S.C. § 2241. *Taylor v. Owens*, 990 F.3d 493, 495–96 (6th Cir. 2021); *see also Fontanez v. O'Brien*, 807 F.3d 84, 87 (8th Cir. 2015) (collecting cases).

Federal prisoners must exhaust their administrative remedies before filing a Section 2241 petition. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231–32 (6th Cir. 2006). Where administrative remedies "are as likely as the judicial remedy to provide the desired relief, a district court should dismiss the suit for failure to first exhaust administrative remedies rather than address the merits of the claim." *Davis v. Keohane*, 835 F.2d 1147, 1148 (6th Cir. 1987). Therefore, even if construed as a motion under Section 2241, Defendant has not offered any argument or proof that he pursued internal Bureau of Prisons processes to modify his restitution payments. From the Court's review of the record, it appears that Defendant has some source of income and if he cannot afford the payment plan, he should address those issues with the Bureau of Prisons in the first instance.

4

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to modify his restitution obligations.

**SO ORDERED.**

Dated: January 8, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio